**ROBBLEE v. AIKEN TOWING CORPORATION.**

Civ. No. 373.

United States District Court
N. D. Florida, Pensacola Division.

May 23, 1950.

George J. Roark, Jr., Pensacola, Fla., for plaintiff.

Leroy V. Holsberry, Pensacola, Fla., for defendant.

DE VANE, District Judge.

Plaintiff brings this suit to recover from defendant alleged unpaid minimum wages and unpaid overtime compensation in the amount of $389.51 and an additional equal amount for liquidated damages, plus reasonable attorney's fee. The main defense to the action is that plaintiff was employed as a seaman and, therefore, was exempt from the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant also denies the amount of unpaid and overtime wages claimed by plaintiff.

The facts in the case are not in any material way in controversy. During the War period defendant did a large amount of business in and around the Pensacola, Florida harbor. It operated a number of tug boats. It maintained a dock where these tug boats were tied up at night and when not in service. During the War period it employed a boatman on a 12 hour basis, from 6:00 P.M. to 6:00 A.M., seven days a week. It was the duty of the boatman to operate what defendant describes as "taxi service" between the dock and ships in the harbor at night. This taxi service consisted of a motor boat that went out to a ship when someone desired to come ashore or return to a ship at night. Defendant also employed a watchman at its dock, who also worked from 6:00 P.M. to 6:00 A.M. Defendant recognized that the watchman employed by it was subject to the Wage and Hour law during the time it also employed a boatman. Following the end of hostilities business fell off very much at Pensacola Harbor and defendant discharged both its boatman and watchman and hired plaintiff in both capacities. The evidence shows that on the average more than 90% of plaintiff's time was devoted to his duties as a watchman and less than 10% of his time to his duties as a boatman. Despite this evidence defendant contends that plaintiff is not entitled to the benefits of the Wage and Hour law.

Section 13(a) (3) of the Fair Labor Standards Act provides that the provisions of Sections 6 and 7 of the Act shall not apply with respect to an employee employed as a seaman. Whether an employee is a "seaman", as the term is used in the Act, depends upon the character of his duties. If they are essentially maritime he is a seaman, otherwise, he is not. In order for an employee to be a seaman, within the exemption of the Act, the employee must be a member of a ship's crew. His duties must be maritime in character and rendered on vessels in navigable wa-

ters. Helena Glendale Ferry Co. v. Walling, 8 Cir., 132 F.2d 616. Walling **v.** Great Lakes Dredge & Dock Co., 7 Cir., 149 F.2d 9.

 Accepting at its full face value all the testimony introduced by defendant as to the duties of plaintiff this testimony wholly fails to bring plaintiff within the exemptions of the Fair Labor Standards Act set out above. The operation of the so-called "taxi service" by plaintiff did not make him a "seaman", as that term is used in the Act.

There is still another reason why the defense fails in this case. The uncontradicted evidence shows that the greater part of plaintiff's time was spent as a watchman and not as a boatman operating the night "taxi service" for defendant. It is the law that where an employee spends the greater part of his time in services other than those as a seaman such employee is entitled to the benefits of the provisions of Sections 6 and 7 of the Act and is not exempt under the provisions of Section 13(a) (3) thereof. McCarthy v. Wright & Cobb Lighterage Co., 2 Cir., 163 F.2d 92.

The evidence in this case wholly fails to sustain defendant's contention that plaintiff is a seaman and the court finds and holds that plaintiff is entitled to the benefits of the Fair Labor Standards Act. There is no conflict in the evidence as to the amount of unpaid overtime compensation due plaintiff. The evidence establishes that plaintiff worked 12 hours each day and 7 days each week from February 5, to November 30, 1948. During this period he accumulated approximately 1812 overtime hours for which he received no overtime compensation. The court finds and holds that plaintiff is entitled to recover overtime compensation for these overtime hours in the sum of $389.51 and an additional equal amount for liquidated damages, plus a reasonable attorney's fee, which is fixed in the sum of $100.00, together with plaintiff's costs expended in this suit. A Judgment may be submitted for entry in accordance with this Memorandum Decision.